## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) Case No. CF 0093-13 |
| | ) |
| | ) |
| vs. | ) |
| | ) DECISION AND ORDER ON |
| | ) PARTIES' SENTENCING |
| LUIS JOSEPH VILLAGOMEZ, | ) MEMORANDA |
| | ) |
| Defendant. | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on the parties' sentencing memoranda on September 15, 2014. Attorney Terence E. Timblin represents Defendant and Assistant Attorney General James C. Collins represents the Government. The Court now issues the following Decision and Order.

## BACKGROUND

Per the Second Amended Indictment returned on June 23, 2014, Defendant was charged with the following: 1) importation of a Schedule II controlled substance; 2) conspiracy to import a Schedule II controlled substance; 3) conspiracy to possess with intent to deliver a Schedule II controlled substance; 4) conspiracy to possess a Schedule II controlled substance; 5) possession with intent to deliver an imitation controlled substance; 6) delivery of an imitation controlled substance; and 7) possession of a Schedule II controlled substance. On June 23, 2014, a jury



trial commenced and, on June 26, 2014, the jury found Defendant guilty of all but the final charge.

On August 14, 2014, Defendant filed his Sentencing Memorandum. On August 18, 2014, the Government filed its Memorandum for Sentencing. On September 15, 2014, the Court heard oral argument and took the matter under advisement. The parties disagree as to the sentencing ranges applicable to some of Defendant's convictions; these divergent statutory interpretations are detailed below.

## DISCUSSION

Statutory interpretation is a legal question and the inquiry always begins with the language of the statute. Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (citing Guerrero v. Santo Thomas, 2010 Guam 11, ¶ 8). A statute's plain meaning prevails absent clear legislative intent to the contrary, but the Court need not follow the plain language of a statute "where the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results." Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17. Whether determining a statute's plain meaning or its animating legislative intent, the Court must read a statute in its entirety and construe it in conjunction with the "entire statutory scheme." Id.; Amerault v. Intelcom Support Servs., Inc., 2004 Guam 23, ¶ 14.

For Charges One and Two, importation of a Schedule II controlled substance and conspiracy to import a Schedule II controlled substance, the parties agree that the applicable sentencing range for each charge[1] is set forth in 9 GCA § 67.401.9(b)(2), which provides that Defendant "shall be imprisoned for not less than three (3) years nor more than ten (10) years and may, in addition, be fined not more than Fifteen Thousand Dollars ($15,000.00)." The parties disagree, however, regarding whether the sentence may be suspended pursuant to § 67.401.9(c), which provides that "[t]he minimum term of imprisonment prescribed by [§ 67.401.9(b)(1)] shall not apply in the case of a person whom the Court determines [knowingly or intentionally imported or exported a controlled substance] for the primary purpose of enabling him to obtain a narcotic drug which he requires for his personal use because of his addiction to such drug." Defendant argues that the Court may decline to apply the minimum

---

[1] Pursuant to 9 GCA § 67.406, "[a]ny person who conspires, solicits or attempts to commit any offense defined in [the Guam Uniform Controlled Substances Act] shall be punished as prescribed for the commission of the offense which was the object of the conspiracy, solicitation or attempt."

term due to Defendant's "history of being addicted to methamphetamine" and the lack of evidence to support a finding that Defendant engaged in drug distribution. The Government counters that the exception is not implicated here because methamphetamine is not a narcotic drug as defined in § 67.101(u).

By its terms, 9 GCA § 67.401.9(b)(2) applies to "a controlled substance other than a narcotic drug." Similarly, § 67.401.9(c) unambiguously applies only to "narcotic drug[s]" and convictions under § 67.401.9(b)(1). Moreover, § 67.101(u) plainly does not categorize methamphetamine or amphetamine-based substances as narcotic drugs. The Court, therefore, is constrained by the plain language of the statutes to conclude that the sentencing range in § 67.401.9(b)(2) applies to the instant matter while the exception set forth in § 67.401.9(b)(1) is inapplicable. Accordingly, Defendant "shall be imprisoned for not less than three (3) years nor more than ten (10) years and may, in addition, be fined not more than Fifteen Thousand Dollars ($15,000.00)."

For Charges Three and Four, conspiracy to possess with intent to deliver a Schedule II controlled substance and conspiracy to possess a Schedule II controlled substance, the Court deems moot any disagreement between the parties concerning proposed sentencing ranges because, pursuant to 9 GCA § 13.35, "[i]f a person conspires to commit a number of crimes, he may be convicted of only one conspiracy so long as those multiple crimes are the object of the same agreement or continuous conspiratorial relationship." The Government acknowledges "that the several conspiracies for which [Defendant] was found guilty in this case all spring from 'the same agreement' and therefore that [Defendant] should only be punished for one of the conspiracy charges and not for all three." Further, differences in the sentencing ranges[2] applicable to Charges Two, Three, and Four are immaterial because, pursuant to 9 GCA § 80.10(b), "[w]here the judgment of conviction included more than one crime, the sentences

---

[2] The Government "disagree[s] with [Defendant's] arguments concerning potential ranges for sentencing" with respect to Charges Three and Four, but does not elaborate on this disagreement due to the application of 9 GCA § 13.35. In any event, the Court concurs with Defendant's assessment of Charges Three and Four, i.e., conspiracy to possess with intent to deliver a Schedule II controlled substance carries "a term of imprisonment of not more than five (5) years and may be fined not more than Fifteen Thousand Dollars ($15,000.00)" pursuant to § 67.401.4(e), and conspiracy to possess a Schedule II controlled substance entails "a term of imprisonment of no more than three (3) years and a fine of Five Thousand Dollars ($5,000.00)" pursuant to § 67.401.12.

imposed may run concurrently or consecutively." Such differences would matter only if the Court were to sentence Defendant to a term consecutively—as opposed to concurrently—with Charge One.

For Charges Five and Six, possession with intent to deliver an imitation controlled substance and delivery of an imitation controlled substance, the parties agree that both are second degree felonies pursuant to 9 GCA § 67.405 and that the applicable sentencing range is found in 9 GCA § 80.31(b), which provides that "the court shall impose a sentence of not less than one (1) year and not more than eight (8) years." The parties disagree, however, as to whether the sentencing range set forth in § 80.30(b) also applies. The Government asserts that, because § 80.31 provides that a first time offender "may be sentenced" to one to eight years, the Court retains discretion to sentence Defendant under § 80.30(b), which provides that "the court shall impose a sentence of not less than three (3) years and not more than ten (10) years[.]"

The Government's argument is unconvincing, however, as § 80.30 is prefaced with language identical to that in § 80.30, i.e., "may be sentenced." Section 80.31 plainly applies to first offenders such as Defendant, and the Court is not persuaded that the language in §§ 80.30 and 80.31 permits the Court to deviate from the range plainly set forth in the latter statute, which is explicitly entitled, "Prison Terms for First Offenders." Furthermore, while the Court recognizes that "[s]hall is mandatory and may is permissive" per 8 GCA § 5.23, strict application in this context could mean that neither § 80.30 nor § 80.31 sets a mandatory sentencing range; the Court will not construe the statutes to reach such an unreasonable result. And, even if the Court found merit in the Government's argument, the Court would exercise its discretion to apply § 80.31(b). The Court concludes, therefore, that the sentencing range set forth in § 80.31(b) applies to the instant matter. Accordingly, "the court shall impose a sentence of not less than one (1) year and not more than eight (8) years."

## CONCLUSION

The Court therefore concludes that the sentencing ranges applicable to Defendant's convictions are as follows. For Charges One and Two, importation of a Schedule II controlled substance and conspiracy to import a Schedule II controlled substance, Defendant "shall be imprisoned for not less than three (3) years nor more than ten (10) years[.]" For Charges Three and Four, conspiracy to possess with intent to deliver a Schedule II controlled substance and conspiracy to possess a Schedule II controlled substance, sentencing is not appropriate pursuant

to 9 GCA § 13.35. For Charges Five and Six, possession with intent to deliver an imitation controlled substance and delivery of an imitation controlled substance, "the court shall impose a sentence of not less than one (1) year and not more than eight (8) years." Sentencing is scheduled for January 7, 2015 at 2:00 P.M.

      **IT IS SO ORDERED** this day of December 12, 2014.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I a____ ledge that a copy of the
or____ al hereto was placed in the
court box of:

AG's/Timblin
12/12/14 Time 10:50am